HOWARD K. ALPERIN (State Bar No. 158809)
Email: halperin@blechercollins.com
ALAN M. KINDRED (State Bar No. 135145)
Email: akindred@blechercollins.com
BLECHER & COLLINS, P.C.
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3302
Telephone: (213) 622-4222
Fax: (213) 622-1656

Attorneys for Plaintiff
DPSR, Inc.



FILED
CLERK, U.S. DISTRICT COURT

NOV 1 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| DPSR, Inc., a California corporation,<br><br>          Plaintiff,<br><br>          vs.<br><br>KATHY MILLER dba ROVER MOBILE PET SPA and/or ROVER, THE MOBILE PET SPA and/or ROVER PET SPA,<br><br>          Defendant. | CASE NO. CV10-8639 JHN (VBKx)<br><br>**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND CYBERSQUATTING**<br><br>**DEMAND FOR JURY TRIAL** |

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Plaintiff DPSR, Inc., a California corporation, avers as follows:

## ALLEGATION OF JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 15 U.S.C. § 1121.  This action arises, inter alia, under the trademark laws of the United States, the unfair competition laws of the United States as set forth in the federal Lanham Act, and is based upon an actual controversy between Plaintiff DPSR, Inc., a California corporation, on the one hand, and Defendant Kathy Miller dba Rover Mobile Pet Spa and/or, Rover, The Mobile Pet Spa and/or Rover Pet Spa on the other, regarding the entitlement to use trademarks, service marks, designations and source identifiers on and in connection with the offering for sale and sales in commerce of pet grooming services being or incorporating the word, symbol, device, mark, term, name, designation or combination thereof, ROVER.  Any claims for relief in this action over which this Court does not have original jurisdiction are so related to the other claims that they form part of the same case or controversy, arise out of the same set or nucleus of facts, and are subject to the supplemental jurisdiction of this Court.  This is an action for trademark counterfeiting, trademark infringement, infringement of one or more federally registered trademarks, cybersquatting, common law trademark infringement, unfair competition under the Lanham Act and California law unfair competition.

## VENUE

2.      Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims for relief herein occurred in this judicial district, or a substantial part of the property that is the subject of this action is located in this district, and further, or in the alternative, because defendant may be found in this district (28 U.S.C. § 1391(b)).

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

3.      Defendant has sold, or caused, or allowed, or permitted, to be sold pet grooming services in this judicial district bearing the mark or designation ROVER, and without limiting the foregoing, via one or more facilities that operate in the Los Angeles, California area.

## PARTIES

4.      DPSR, Inc. is a California corporation with its principal place of business in Culver City, California.

5.      Defendant Kathy Miller is an individual doing business as Rover Mobile Pet Spa and/or Rover, The Mobile Pet Spa and/or Rover Pet Spa with a principal place of business in Santa Monica, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.      Plaintiff is the owner of one or more trademarks or service marks ROVER KENNELS, as well as ROVER, and has at all relevant times exercised control over the quality of services furnished pursuant to those marks. Plaintiff has built up considerable good will in said trademarks and service marks and has spent substantial sums of money in doing so.

7.      Plaintiff's service marks ROVER KENNELS were registered on the Principal Register of the United States Patent and Trademark Office on the following dates, with the following registration numbers for the following services:

| | | |
|---|---|---|
| 12/27/2005 | 3,034,824 | Obedience training services of various animals |
| 12/27/2005 | 3,034,825 | Kennel services for various animals |
| 12/27/2005 | 3,034,827 | Grooming services for various animals |

2

Copies of the Certificates of Registration of the foregoing service marks are attached hereto respectively as Exhibits 1, 2 and 3. Plaintiff is the sole registered owner of the foregoing federally registered service marks.

8.      On or about April 7, 2003, plaintiff, or its predecessor in interest, or assignor, registered the internet domain name www.roverkennels.com.

9.      Plaintiff has used, and is using, its registered domain name www.roverkennels.com for the purposes of advertising, inter alia, its pet grooming services.

10.     On or about February 9, 2009, defendant registered the internet domain name www.roverpetspa.com.

11.     Defendant has used, and is using, its registered domain name www.roverpetspa.com for the purposes of advertising, inter alia, her pet grooming services.

12.     On or about June 9, 2010, plaintiff's attorneys wrote defendant a cease and desist letter, a copy of which is attached as Exhibit 4 and herein incorporated by reference.

13.     On or about June 29, 2010, defendant's attorneys replied by letter, a copy of which is attached as Exhibit 5 and herein incorporated by reference.

14.     Defendant's purported trademark(s) or service mark(s) ROVER MOBILE PET SPA and/or ROVER PET SPA and/or ROVER, THE MOBILE PET SPA are confusingly similar to plaintiff's above-referenced service marks ROVER KENNELS and ROVER.

15.     Defendant's website with the domain name www.roverpetspa.com is confusingly similar to plaintiff's above-referenced service marks and domain name.

16.     By reason of the foregoing, there is a likelihood of confusion

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

3

between plaintiff's service marks and domain name, on the one hand, and defendant's service marks and domain name, on the other.

17.   Despite being requested to do so in writing, and agreeing to same in writing, defendant has refused or neglected to cease and desist from using the service marks ROVER MOBILE PET SPA and/or ROVER, THE MOBILE PET SPA and/or ROVER PET SPA.

18.   Despite being requested to do so in writing, and agreeing to same in writing, defendant has refused or neglected to cease and desist from using the internet domain name www.roverpetspa.com in connection with her pet grooming services and/or to transfer said domain name to plaintiff.

19.   By reason of the foregoing, plaintiff has suffered injury, loss and damage and has been forced by defendant and her attorney to file this action.

20.   Plaintiff's injury, loss and damage has been actually and proximately caused by defendant's acts and omissions averred in this Complaint.

21.   Defendant's acts and omissions as averred herein have caused, and will continue to cause, plaintiff irreparable harm which is not fully compensable by money.

22.   Defendant's acts and omissions as averred herein, at least since the date of receipt of plaintiff's above-mentioned cease and desist letter, are deliberate and wilful.

### FIRST CLAIM FOR RELIEF

(Trademark Counterfeiting)

23.   Plaintiff repeats the averments of paragraphs 1 through 22 hereof as though fully set forth herein.

4

24.   Defendant's marks are spurious and identical to, or substantially indistinguishable from, plaintiff's registered service marks.

25.   By reason of the foregoing, defendant is, and continues to, use counterfeits of plaintiff's federally registered service marks in commerce.

26.   By reason of the foregoing, defendant's acts and omissions constitute trademark counterfeiting.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement)

27.   Plaintiff repeats the averments of paragraphs 1 through 26 hereof as though fully set forth herein.

28.   By reason of the foregoing, defendant's acts and omissions constitute trademark infringement under 15 U.S.C. § 1114.

## THIRD CLAIM FOR RELIEF

(Unfair Competition-Lanham Act)

29.   Plaintiff repeats the averments of paragraphs 1 through 28 hereof as though fully set forth herein.

30.   Defendant's acts and omissions constitute a false designation of origin, false or misleading descriptions of fact, false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with plaintiff, or as to the sponsorship, origin or approval of plaintiff's services and/or commercial activities.

31.   By reason of the foregoing, defendant's acts and omissions constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

## FOURTH CLAIM FOR RELIEF

(Cybersquatting)

32.    Plaintiff repeats the averments of paragraphs 1 through 31 hereof as though fully set forth herein.

33.    Defendant has registered, trafficked in and/or used the domain name www.roverpetspa.com.

34.    Defendant's domain name www.roverpetspa.com is identical to, or confusingly similar to plaintiff's above-referenced protected service marks and domain name.

35.    Defendant has acted with bad faith intent to profit from one or more of plaintiff's above-referenced marks and domain name.

## FIFTH CLAIM FOR RELIEF

(Common Law Trademark Infringement)

36.    Plaintiff repeats the averments of paragraphs 1 through 35 hereof as though fully set forth herein.

37.    Plaintiff, by itself and from its predecessor in interest, has acquired, adopted and been using the service mark ROVER in connection with pet care and grooming services since 2003.

38.    Plaintiff, by itself and from its predecessor in interest, has acquired, adopted and been using the service mark ROVER KENNELS in connection with pet care and grooming services since 2003.

39.    Defendant has been using service marks including ROVER, THE MOBILE PET SPA; ROVER PET SPA and ROVER MOBILE PET SPA since 2009.

40.    By reason of the foregoing, defendant has infringed, and continues to infringe plaintiff's above-referenced service marks.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

6

## SIXTH CLAIM FOR RELIEF

(State Law Unfair Competition)

41.    Plaintiff repeats the averments of paragraphs 1 through 40 hereof as though fully set forth herein.

42.    By reason of the foregoing, defendant has, and continues to, compete unfairly with plaintiff in violation of the common and statutory laws of the State of California pertaining to unfair competition.

WHEREFORE, plaintiff prays for the following relief:

1.    Damages;

2.    Attorneys' fees;

3.    Costs;

4.    Transfer of the domain name www.roverpetspa.com to plaintiff;

5.    A preliminary and permanent injunction restraining defendant from counterfeiting and infringing plaintiff's trademarks; and

6.    Such further or other relief as the Court deems just.

Dated: November 9, 2010

HOWARD K. ALPERIN
ALAN M. KINDRED
BLECHER & COLLINS, P.C.

By: _____
      Howard K. Alperin
      Attorneys for Plaintiff
      DPSR, Inc.

#44252

7

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: November 9, 2010

HOWARD K. ALPERIN
ALAN M. KINDRED
BLECHER & COLLINS, P.C.

By: _____
       Howard K. Alperin
       Attorneys for Plaintiff
       DPSR, Inc.

8

**EXHIBIT 1**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 3,034,824

United States Patent and Trademark Office

Registered Dec. 27, 2005

SERVICE MARK
PRINCIPAL REGISTER

# Rover Kennels

ROVER LLC (CALIFORNIA LTD LIAB CO)
8930 LINDBLADE STREET
CULVER CITY, CA 90232

FOR: OBEDIENCE TRAINING SERVICES FOR VARIOUS ANIMALS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-17-2004; IN COMMERCE 5-17-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "KENNELS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-454,015, FILED 7-21-2004.

DANIEL CAPSHAW, EXAMINING ATTORNEY

EXHIBIT 2

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

United States Patent and Trademark Office

Reg. No. 3,034,825
Registered Dec. 27, 2005

## SERVICE MARK
## PRINCIPAL REGISTER

# Rover Kennels

ROVER LLC (CALIFORNIA LTD LIAB CO)

8930 LINDBLADE STREET

CULVER CITY, CA 90232

FOR: KENNEL SERVICES FOR VARIOUS ANI-
MALS, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 5-17-2004; IN COMMERCE 5-17-2004.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "KENNELS", APART FROM THE
MARK AS SHOWN.

SER. NO. 78-454,020, FILED 7-21-2004.

DANIEL CAPSHAW, EXAMINING ATTORNEY

EXHIBIT 3

Int. Cl.: 44

Prior U.S. Cls.: 100 and 101

Reg. No. 3,034,827

United States Patent and Trademark Office    Registered Dec. 27, 2005

## SERVICE MARK
## PRINCIPAL REGISTER

# Rover Kennels

ROVER LLC (CALIFORNIA LTD LIAB CO)

8930 LINDBLADE STREET

CULVER CITY, CA 90232

FOR: GROOMING SERVICES FOR VARIOUS ANIMALS, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 5-17-2004; IN COMMERCE 5-17-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "KENNELS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-454,027, FILED 7-21-2004.

DANIEL CAPSHAW, EXAMINING ATTORNEY

11

EXHIBIT 4

EISNER, FRANK & KAHAN
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210

---

TELEPHONE: (310) 855-3200
FACSIMILE:  (310) 855-3201
*www.eisnerlaw.com*

June 9, 2010

**VIA CERTIFED RETURN-RECEIPT/**
**U.S. MAIL AND EMAIL**
INFO@Roverpetspa.com
Kathy Miller, Owner                                        **CEASE AND DESIST**
Rover Pet Spa
200 South Barrington Avenue
Brentwood, CA 90049

    Re:   Rover Kennels Cease & Desist Letter

Dear Ms. Miller:

    This office represents Rover Kennels.  My client owns the mark ROVER KENNELS in connection with daycare and grooming services for certain animals (the "Mark") by virtue of its adoption and use of the Mark since at least as early as May 17, 2004.  As a result of such adoption and use, my client has the exclusive right to use the Mark ROVER KENNELS for and in connection with such goods and services.

    Your continued use of the Mark on your website www.roverpetspa.com as well as your marketing, promotion and business operation is a serious violation of our client's rights under Federal and State law and it is our intention to take whatever legal steps are necessary in order to protect our client's interests and to afford it full and complete redress available under law.

    1.    You are hereby given notice to IMMEDIATELY CEASE AND DESIST from using the Mark.

    2.    You are hereby given notice to IMMEDIATELY CEASE AND DESIST from using the name Rover in connection with grooming services for animals.

    Demand is hereby made that you immediately contact this office within five (5) business days from the date hereof and provide this office with all materials containing the Mark and a notarized certificate that no additional materials containing the Mark exist

202798

Kathy Miller, Owner
Rover Pet Spa
June 9, 2010
Page 2

as well as proof of your discontinuance of the name ROVER KENNELS in any and all medium related to your current operations as Rover Mobile Pet Spa and on the internet web site www.roverpetspa.com as well as termination of the URLwww.roverpetspa.com.

In the event we fail to hear from you within five (5) business days from the date hereof, and if you do not fully cooperate with us, we will take any and all legal means to protect our client's interests including pursuing litigation, if necessary, to compensate our client for the damages and lost profits suffered by our clients.

If you have any questions or comments, please feel free to contact this office.

Nothing contained herein shall be deemed a waiver of our client's rights and remedies. All such rights and remedies are expressly reserved.

Very truly yours,

Howard K. Alperin

HKA/vm

202978

13

**EXHIBIT 5**

# LAW OFFICES OF JOSHUA M. FINE

9107 Wilshire Boulevard
Suite 450
Beverly Hills, CA 90210
June 29, 2010

T (310) 623 – 4505
F (310) 933 – 0303
joshua@jmfinelaw.com
Our File No.: 344-101

***SENT VIA ELECTRONIC MAIL ONLY***
Howard Alperin, Esq.
hkalperin@gmail.com

      Re:    *Claim of Rover Kennels Against Rover Mobile Pet Spa*

Dear Mr. Alperin:

      Pursuant to our telephonic conversations of the last two (2) weeks and in response to your Cease & Desist Letter on behalf of Rover Kennels ("RK"), I propose the following in order to resolve the trademark and other issues between RK and my client, Rover Mobile Pet Spa ("RMPS"):

1. RMPS shall abandon the use of the name "Rover" in its name; and
2. RMPS shall no longer use business cards, a website, literature, vehicle graphic or any other material (collectively the "Material") that contains the name "Rover;" and
3. RMPS shall have ninety (90) days from the date RK accepts, in writing, this proposal (the "Grace Term") to cease using the name and Materials as stated in bullet points 1 and 2 above; and
4. RMPS shall redirect the current website www.roverpetspa.com to a new website ("New Site") as soon as possible after the new name has been chosen, but in no case later than the Grace Term; and
5. www.roverpetspa.com shall remain only as a redirect website to New Site for a period of six (6) months from the date the Grace Term concludes, at which time www.roverpetspa.com will be permanently cancelled.

      During the Grace Period, RMPS shall choose several new names, I shall research those names to determine which name(s) can successfully be trademarked. Once RMPS decides on a name, it shall cause a new logo to be created, new business cards to be made, a new vehicle wrap/skin to be manufactured, new literature to be printed and/or shall revise current literature, revisions to the website, including, without limitation, the name of the website, and shall change its name accordingly in any and all advertising and directories. This process will take at least ninety (90) days, but RMPS shall agree to this timeline in order to avoid further legal proceedings.

      If RK is amendable to the following proposal, please confirm in writing so the clock on the Grace Term begins to run. However, if you have any questions, would like

14

Howard Alperin, Esq.
June 29, 2010
Page 2 of 2

to discuss any matter herein further or simply wish to speak before finalizing any
agreement with respect to the "Rover" name or trademark, please email me with several
available dates and times for a telephonic meeting.


Very Truly Yours,


Joshua Fine, Esq.


JMF:cbk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 8639 JHN (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DPSR, INC., a California corporation, | CASE NUMBER |
| PLAINTIFF(S) | $CV10 - 8639$ $JHN$ $(VBKx)$ |
| v. | |
| KATHY MILLER dba ROVER MOBILE PET SPA and/or ROVER, THE MOBILE PET SPA and/or ROVER PET SPA | **SUMMONS** |
| DEFENDANT(S) . | |

TO:   DEFENDANT(S): Kathy Miller _____

     A lawsuit has been filed against you.

     Within ~~20~~ *21* days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Howard K. Alperin, Esq. _____ , whose address is Blecher & Collins, 515 So. Figueroa St., Suite 1750, Los Angeles, CA 90071 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

NOV 1 5 2010

Dated: _____

By: _____
                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| DPSR, INC. | KATHY MILLER dba ROVER MOBILE  PET SPA and/or ROVER, THE MOBILE PET SPA and/or ROVER PET SPA |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Howard K. Alperin (#158809)<br>Alan M. Kindred (#135145)<br>Blecher & Collins, P.C.<br>515 South Figueroa Street, Suite 1750<br>Los Angeles, CA  90071-3302<br>Telephone:  (213) 622-4222 | Attorneys (If Known) |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff       ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ Damages

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

Trademark infringement of ROVER KENNELS and ROVER trademarks
15  U.S.C. Sec. 1114 et seq.

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

CV10-8639

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date November 10, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2